**Le Roy STAUNTON, Plaintiff-Appellant,**

v.

**The TEXAS COMPANY, Defendant-Appellee.**

**No. 282, Docket 23946.**

United States Court of Appeals
Second Circuit.

Argued March 14, 1956.

Decided Sept. 13, 1956.

**196**

Theodore C. Bonney, Waterloo, N. Y., John J. Nicit, Waterloo, N. Y., of counsel, for appellant.

Hancock, Dorr, Ryan & Shove, Jerome H. Searl, Syracuse, N. Y., for appellee.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

## PER CURIAM.

This is a diversity action for trespass to realty, brought by a citizen of New York against a Delaware corporation, in which the plaintiff claims that the defendant excavated, and laid pipes on plaintiff's property, which is on the south side of the Geneva-Waterloo State Highway in the town of Waterloo, Seneca County, New York. Defendant alleged that plaintiff's deed did not cover the property entered and that in any case, the land involved was part of the State's right of way adjacent to the State highway. The district court found for the defendant on both grounds. Since we find that there was sufficient evidence to affirm the decision on the ground that the land used by defendant belonged to the State, there is no need to discuss the scope of plaintiff's deed.

Under a permit granted by the State of New York, defendant excavated to a distance of 20 feet from the concrete part of the highway on its southerly side. Plaintiff alleged that his property extends to within 6½ feet of the concrete, whereas defendant asserted that the State's right of way extends to a distance of 36 feet from the concrete. The evidence amply supports the court's finding in favor of the defendant. In 1794 the New York State Legislature authorized construction of a road, later known as the Seneca Turnpike, which was to be 6 rods or 99 feet wide. Laws of 1794, c. 29. Later statutes authorized its operation by turnpike companies, which, however, seem to have eventually abandoned the road and it then reverted to the state. Since plaintiff has not shown that at any time in its history there were any deviations from the original route, we must presume that the route of the present highway is the same as that of the road as originally authorized, City of Cohoes v. President, etc., D. & H. Canal Co., 1892, 134 N.Y. 397, 407, 31 N.E. 887, Central Pacific Ry. v. Alameda County, 1932, 284 U.S. 463, 467–468, 52 S.Ct. 225, 76 L.Ed. 402, and that the center lines are likewise identical. The

southerly half of the road is thus 49½ feet wide, of which 13½ feet is concrete and 36 feet is unused, projecting 29½ feet on land claimed by the plaintiff; the fact that the State did not use all of its right of way after the reversion is immaterial since title against the state of land within the bounds of a public highway cannot be acquired by adverse possession. Beisheim v. People, Sup.Monroe 1942, 39 N.Y.S.2d 333, 339, 340. The Southerly area of the State's right of way thus includes the land on which the excavations were made, and the decision below is therefore affirmed.